GARY GOYETTE – SBN 224715
**GOYETTE & ASSOCIATES, INC.**
**A Professional Law Corporation**
2366 Gold Meadow Way, Suite 200
Gold River, CA 95670
Ph: (916) 851-1900
Fax: (916) 851-1995
Email: goyetteg@goyette-assoc.com

Attorney for Plaintiffs

# UNITED STATED DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA (FRESNO)

| | |
|---|---|
| JULIO AMADOR, ROSS BAYS, STEVE CARVALHO, KARI CARVALHO, JASON COLEY, JAMES DAYTON, ERIC GALLEGOS, ARTHUR HIVELY, COEY HENSON, JEFFREY TRAVIS HUDSON, DIRK NIEUWENTHUIS, FREDERICO ORTIZ JR., BRIAN PETERSEN, HECTOR PULIDO, KIASHIRA RUIZ, CHARLES RUSHING, JESUS SALINAS, KRANDALL VANDAGRIFF, DARREN VENN, JONATHAN VERA, DANNY VIERRA, MICHAEL VIERRA, TRINIDAD VIRAMONTES, GREG YOTSUYA, MARK ANDERSON, OYRE ECHOLS, DERRICK FARIA, TAMMIE JOHNSON, DEVIN LADD, JUSTIN VOSBEIN, SHAWNNA YOTSUYA, LORENZO BELTRAN, MATTHEW BERLIER, and KEITH GRIEBEL<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF CERES and Does 1 through 10, inclusive.<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>　1) **UNPAID OVERTIME (29 U.S.C. § 207)**<br><br><br>**DEMAND FOR JURY TRIAL** |

Complaint
1

# I
# INTRODUCTION

1. This is an action by thirty-four individuals (hereinafter the "Plaintiffs") against the City of Ceres based on the City's failure to provide all overtime pay owed to these individuals in violation of the federal Fair Labor Standards Act (FLSA). Specifically, within the past three years the City has failed to include all premium compensation items, including cash in lieu of health benefits and Holiday pay, in the regular rate of pay used by the City to calculate and provide FLSA overtime pay to the Plaintiffs. As required by the 9th Circuit decision in *Flores v. City of San Gabriel*, (9th Cir. 2016) 824 F.3d 890, all cash in lieu of medical benefits provided by the City to the Plaintiffs must be included in the regular rate of pay used to calculate and pay overtime under the FLSA. Further, as required by the Court decision in *Hart v. City of Alameda*, (N.D.Cal., 2009) 2009 WL 1705612, all lump sum Holiday pay provided by the City to the Plaintiffs must also be included in the regular rate of pay used to calculate and pay overtime under the FLSA. The City has within the past three years failed to include these premium pay components in the regular hourly rate used to calculate and pay FLSA overtime pay to the Plaintiffs. Further still, Plaintiffs are informed and believe that the City has within the past three years used an incorrect denominator to calculate and provide all FLSA overtime pay to the Plaintiffs due to using all hours worked instead of regularly scheduled hours worked in the denominator when calculating the regular rate of pay used for FLSA overtime.

Based on these omissions and miscalculations, the City owes Plaintiffs FLSA overtime pay for overtime hours worked within the past three years. This action seeks the FLSA overtime pay owed to the Plaintiffs, along with the liquidated damages, interest, and litigation costs and attorneys fees, pursuant to 29 U.S.C. §§ 207 and 216.

///

///

///

## II

## PARTIES

2. The thirty-four individuals named as Plaintiffs, Julio Amador, Ross Bays, Steve Carvalho, Kari Carvalho, Jason Coley, James Dayton, Eric Gallegos, Arthur Hively, Coey Henson, Jeffrey Travis Hudson, Dirk Nieuwenthuis, Frederico Ortiz Jr., Brian Petersen, Hector Pulido, Kiashira Ruiz, Charles Rushing, Jesus Salinas, Krandall Vandagriff, Darren Venn, Jonathan Vera, Danny Vierra, Michael Vierra, Trinidad Viramontes, Greg Yotsuya, Mark Anderson, Oyre Echols, Derrick Faria, Tammie Johnson, Devin Ladd, Justin Vosbein, Shawnna Yotsuya, Lorenzo Beltran, Matthew Berlier, and Keith Griebel (hereafter the "Plaintiffs"), at all times pertinent to this action: a) were and are employed by Defendant City of Ceres; b) within the last three years have received premium compensation items from the City, including cash in lieu of medical benefits and lump sum pay for Holidays; and c) have been provided FLSA overtime pay *which did not include* these premium compensation items in the regular hourly rate calculated by the City and used for the FLSA overtime pay provided by the City. In compliance with 29 U.S.C. § 216(b), the signed consent by each of these thirty-four Plaintiffs to act as named Plaintiffs in this action are being filed with the Court concurrent with this complaint and are attached hereto as "**Exhibit A**."

3. Defendant City of Ceres (hereafter "Defendant" or "the City") is, and at all times mentioned herein was, a local government subdivision of the State of California, governed by the Meyers-Milias-Brown Act ("MMBA") as a public agency as defined at CA Gov. Code § 3501(c). The City is duly organized, validly existing, and administered under the laws of the State of California. For the purposes of this action and as a Defendant to this action, the City includes all agents, employees, attorneys, accountants, investigators, officers, directors, representatives, and anyone else acting on behalf of the City.

///

///

4. At all times herein mentioned each of DOES 1 through 10, inclusive, was the agent, servant, and employee of each of the remaining co-defendants, and in doing the things herein alleged was acting in the scope of his or her authority as such agent, servant, and employment, and with the permission and consent of each co-defendant.

5. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 10, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names, and Plaintiffs will amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the Defendants, DOES 1 through 10, inclusive, are responsible in negligence, warranty, strictly, or otherwise, for the events and happenings herein referred to and proximately thereby caused and continue to cause the violation of the rights of the Plaintiff as herein alleged.

## III

## JURISDICTION

6. Plaintiffs incorporate by reference and re-allege paragraphs 1 through 5 as though fully set forth herein.

7. Plaintiffs in this action bring a cause of action for overtime pay owed under the federal Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201 et seq., for liquidated damages, interest, attorneys fees and costs pursuant to 29 U.S.C. §§ 216, and for damages associated with intentional conduct pursuant to 29 U.S.C. § 255. Since the cause of action is based only on federal statutes, jurisdiction in Eastern District Federal Court is proper pursuant to 28 U.S.C. § 1331.

## IV

## VENUE

8. Plaintiffs incorporate by reference and re-allege paragraphs 1 through 7 as though fully set forth herein.

9. Venue for this action in the Eastern District of California Federal Court in Fresno is proper pursuant to 28 U.S.C. §1391(b) since Defendant resides within the

County of Stanislaus and since the majority of events if not all events giving rise to the claims in this complaint, namely City's failure to correctly calculate and provide FLSA overtime pay to the Plaintiffs, occurred and continue occur within the Eastern District Court's Fresno judicial district.

## V

## GOVERNMENT DAMAGES CLAIM

10. Plaintiffs incorporate by reference and re-allege paragraphs 1 through 9 as though fully set forth herein.

11. Plaintiffs have filed Government Damages Claims against Defendant pursuant to CA Gov. Code §§ 905 et. seq. for the claims alleged herein.

12. Plaintiffs filed their claims for damages against Defendant on March 27, 2017 via a cover letter from their legal counsel and the completed Claim Form provided by the City for such claims, with an accompanying attachment. (Attached hereto as "**Exhibit B**").

13. Defendant has not responded to these Government Damages Claims.

## VI

## FACTUAL ASSERTIONS

14. Plaintiffs incorporate by reference and re-allege paragraphs 1 through 13 as though fully set forth herein.

15. Each of the Plaintiffs has worked for the City and/or continues to work for the City during some portion or all of the time period pertinent to this action, including the period from April 18, 2014 and going forward.

16. Within the past three years each of the Plaintiffs has received premium compensation items directly from the City, including cash in lieu of health benefits received as a result of each Plaintiff declining the health benefits offered by the City) and/or lump sum pay for Holidays provided by the City, and continues to receive lump sum pay for Holidays, as part of their overall compensation for their work for the City.

17. Within the past three years the City suffered or permitted each of the Plaintiffs to work hours which qualify for overtime pay pursuant to the FLSA.

Complaint
5

18. Within the past three years each of the Plaintiffs has been provided FLSA overtime pay by the City *which did not include* premium compensation items, including cash in lieu of health benefits and/or lump sum pay for Holidays, in the regular hourly rate calculated by the City and used for the FLSA overtime pay provided to the Plaintiffs by the City, and/or used for the Compensatory Time Off (CTO) accrued due to FLSA overtime and cashed out to the Plaintiffs by the City.

19. Within the past three years each of the Plaintiffs has been provided FLSA overtime pay by the City which was deficient (less overtime pay than should have been provided) due to, Plaintiffs are informed and believe, the City using the wrong number of hours worked in the denominator when determining the regular hourly rate used to calculate the FLSA overtime pay and/or CTO provided; the City used total hours worked instead of properly using total *scheduled* hours worked as applicable to the Plaintiffs.

20. At all times pertinent to this action Defendant has intentionally and knowingly omitted the premium compensation described and used the incorrect denominator when determining the regular rate of pay used to calculate the FLSA overtime pay provided to the Plaintiffs, and/or to calculate and cash out CTO based on FLSA overtime to the Plaintiffs.

## VII

## FIRST CAUSE OF ACTION

**(Overtime Pay Due pursuant to 29 U.S.C. §§ 201 et seq., including § 207)**

21. Plaintiffs incorporate by reference and re-allege paragraphs 1 through 20 as though fully set forth herein.

22. Based on the factual allegations pled, the City has violated and continues to violate the FLSA (29 U.S.C. §§ 201 *et. seq*.) by omitting premium compensation items, including cash in lieu of health benefits and lump sum Holiday pay provided directly to the Plaintiffs, from the regulate rate of pay used to calculate and provide FLSA overtime pay and/or cashed out CTO to the Plaintiffs, despite such compensation being required under the FLSA to be included in the regular hourly rate of pay used for FLSA overtime.

23. The cash in lieu of health benefits provided directly to the Plaintiffs by the City *cannot be excluded* pursuant to 29 U.S.C. § 207(e )(2) or (4) from the regular hourly rate of pay used to calculate FLSA overtime pay, as determined in the 9th Circuit decision in *Flores v. City of San Gabriel*, (9th Cir. 2016) 824 F.3d 890.

24. The Holiday pay provided directly to the Plaintiffs by the City *cannot be excluded* from the regular hourly rate of pay used to calculate FLSA overtime pay, as determined in the Court decision in *Hart v. City of Alameda*, (N.D.Cal., 2009) 2009 WL 1705612.

25. The City has treated both the cash in lieu of health benefits and the lump sum Holiday pay as wages for tax purposes; despite such treatment, and despite the requirement set forth in *Flores* and *Hart*, the City omitted the cash in lieu of health benefits and the Holiday pay from the regular rate of pay used to calculate and provide FLSA overtime pay and/or CTO cash outs to the Plaintiffs.

26. The City has also, on information and belief, paid less than the FLSA overtime pay and/or CTO cash outs based on overtime owed to the Plaintiffs due to their practice of using total hours worked in the denominator when determining the regular rate of pay used to calculate and provide overtime instead of properly using the total scheduled hours worked.

27. These acts by the City have accordingly resulted in the Plaintiffs *not receiving* the full amount of FLSA overtime pay and/or CTO cash outs from overtime required under the FLSA.

28. The City's violations of the FLSA were willful, such that, pursuant to 29 U.S.C. § 255, the City cannot establish any good faith defense to their FLSA violations, and Plaintiffs are owed all deficient FLSA overtime pay within the last three years, as well as all deficient FLSA overtime pay going forward.

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter an Order in favor of Plaintiffs and against Defendant awarding Plaintiffs relief as follows:

1) Declaratory and Injunctive relief in the form of a Court Order for the City to correctly include any and all applicable premium compensation items, including cash in lieu of health benefits and lump sum Holiday pay, in the regular hourly rate of pay used to calculate and provide overtime pay as required under the FLSA;

2) Payment of all overtime pay (based on 29 U.S.C. § 207) and an equal amount in liquidated damages (based on 29 U.S.C. § 216) to each Plaintiff based on all premium compensation items, including cash in lieu of health benefits and lump sum Holiday pay, being improperly omitted by the City from the regular rate of pay used to calculate overtime pay for all FLSA overtime hours worked in the past three years by each Plaintiff;

3) Reasonable Attorneys fees and costs (pursuant to 29 U.S.C. § 216);

4) Interest at seven percent (7.0 %) per annum on all overtime pay damages;

5) Any other relief deemed proper by the Court.

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and collectively, hereby demand trial of their claims by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure and to the extent authorized by law.

Dated: April 18, 2017

**GOYETTE & ASSOCIATES, INC.**
**A Professional Law Corporation**

By     /s/
Gary G. Goyette, Esq.
Attorney for Plaintiffs