1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JULIO AMADOR et al.,                        No.  1:17-cv-00552-DAD-MJS

12                  Plaintiffs,

13         v.                                     ORDER GRANTING IN PART AND
                                                  DENYING IN PART DEFENDANT'S
14   CITY OF CERES,                               MOTION TO DISMISS

15                  Defendant.                    (Doc. No. 9)

16

17        This matter comes before the court on defendant's motion to strike portions of plaintiffs'

18   complaint, or in the alternative, motion to dismiss or motion for judgment on the pleadings.  A

19   hearing on this motion was held on June 20, 2017.  Attorney Gary Goyette appeared on behalf of

20   plaintiffs, and attorney Jesse Maddox appeared on behalf of defendant.  Having considered the

21   parties' briefs and oral arguments, and for the reasons stated below, the court will grant in part

22   and deny in part defendant's motion.

23                                          **BACKGROUND**

24        Thirty-four plaintiffs bring this action against defendant City of Ceres ("City").

25   According to the complaint, each of the plaintiffs (1) is or was employed by the City within the

26   last three years; and (2) has received certain compensation from the City, including cash in lieu of

27   City-sponsored medical benefits and lump sum payment for unused holidays.  (Doc. No. 1 ¶ 2.)

28   Plaintiffs allege that for the three years prior to commencement of this action, the City failed to

                                                   1

properly calculate payment of overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").  Specifically, plaintiffs advance three independent bases for liability under a single FLSA claim for failure to properly compensate employees for overtime work: (1) the City's alleged failure to include cash-in-lieu payments for medical benefits in its calculation of the regular rate of pay for purposes of overtime compensation, in contravention of the Ninth Circuit's decision in *Flores v. City of San Gabriel*, 824 F.3d 890, 895 (9th Cir. 2016) (holding that cash payments in lieu of health benefits "must be included in the regular rate of pay and thus in the calculation of the overtime rate" under the FLSA); (2) the City's alleged failure to include payments for certain holiday benefits in its calculation of the regular rate of pay, as purportedly required by a district court decision in *Hart v. City of Alameda*, No. C-07-5845MMC, 2009 WL 1705612 (N.D. Cal. June 17, 2009); and (3) the City's calculation of a regular rate of pay based on a practice of dividing total pay by the number of hours actually worked, rather than the scheduled number of hours worked.  (*See id.* ¶¶ 22–27.)

On May 11, 2017, defendant filed the instant motion to strike certain portions of plaintiffs' complaint, or in the alternative, motion to dismiss or motion for judgment on the pleadings.  (Doc. No. 9.)  Specifically, defendant seeks to strike or dismiss all allegations relating to latter two of plaintiffs' aforementioned claimed bases for liability.  (*See* Doc. No. 9-2 at 2–3.) On June 6, 2017, plaintiffs filed their opposition.  (Doc. No. 11.)  On June 13, 2017, defendant filed its reply.  (Doc. No. 12.)

## APPLICABLE LEGAL STANDARD

Defendant City principally styles its request as a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure.  In the alternative, defendant requests that its motion be considered as a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c).  (Doc. No. 9-2 at 4.)

### A.      Applicability of Rule 12(f)

Under Rule 12(f), a court may strike from a complaint "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious

1   issues." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Here,

2   defendant's motion cannot properly be construed as attacking plaintiffs' complaint for raising

3   spurious issues.  Rather, the City challenges whether such allegations, even if true, support legally

4   cognizable theories of liability under the FLSA.  Such a challenge is properly brought under Rule

5   12(b)(6) for failure to state a claim upon which relief may be granted.  *See Balistreri v. Pacifica

6   Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal can be based on the lack of a

7   cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

8   theory."); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

9   **B.      Standard for Motions to Dismiss Pursuant to Rule 12(b)(6)**

10          In determining whether a complaint states a claim on which relief may be granted, the

11  court accepts as true the allegations in the complaint and construes them in the light most

12  favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United

13  States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  A plaintiff is required to allege "enough facts to

14  state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

15  (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

16  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

17  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover, it is inappropriate to assume that the

18  plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws

19  in ways that have not been alleged."  *Associated Gen. Contractors of California, Inc. v.

20  California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  In ruling on a motion to

21  dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is

22  properly submitted as part of the complaint, documents that are not physically attached to the

23  complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on

24  them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir.

25  2001).

26  /////

27  /////

28  /////

3

**DISCUSSION**

**A.      Fair Labor Standards Act Overview**

Pursuant to the FLSA, an employer must pay its employees overtime compensation at the rate of one and one-half times the employee's regular rate of pay for hours worked in excess of forty in a seven-day workweek.  *Flores*, 824 F.3d at 895 (citing *Cleveland v. City of Los Angeles*, 420 F.3d 981, 984–85 (9th Cir. 2005)); 29 U.S.C. § 207(a).  The FLSA provides "a limited exemption" to this overtime rule to public agencies employing firefighters or law enforcement personnel.  *Adair v. City of Kirkland*, 185 F.3d 1055, 1059 (9th Cir. 1999); *accord Flores*, 824 F.3d at 895; *see also* 29 U.S.C. § 207(k).

An employee's "regular rate" of pay is defined to include "all remuneration for employment paid to, or on behalf of, the employee," with certain enumerated exceptions.  29 U.S.C. § 207(e).  One such exception, relevant to this case, excludes from the regular rate of pay "payments made for occasional periods when no work is performed due to vacation, holiday, illness . . . and other similar payments to an employee which are not made as compensation for his hours of employment"  § 207(e)(2).  The employer ultimately bears the burden of proving that specific types of compensation fall within one of the FLSA's enumerated exceptions.  *See, e.g.*, *O'Brien v. Town of Agawam*, 350 F.3d 279, 294 (1st Cir. 2003) (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 209 (1966)); *Dietrick v. Securitas Sec. Servs. USA, Inc.*, 50 F. Supp. 3d 1265, 1270 (N.D. Cal. 2014); *Alonzo v. Maximus, Inc.*, 832 F. Supp. 2d 1122, 1130 (C.D. Cal. 2011); *see also Cleveland v. City of Los Angeles*, 420 F.3d 981, 988 (9th Cir. 2005) ("The FLSA is construed liberally in favor of employees; exemptions are to be narrowly construed against the employers seeking to assert them." (citations and internal quotations omitted)).

**B.      Use of Lump Sum Holiday Payments in Calculating Overtime Compensation**

Plaintiffs allege that as part of their employment with the City, they received certain premium compensation items, including lump sum pay for holidays, as part of their overall compensation.  (Doc. No. 1 ¶ 16.)  Plaintiffs allege that for purposes of overtime compensation, the City failed to include these lump sum holiday payments in its calculation of plaintiffs' regular rate of pay.  (*Id.* ¶ 24.)  Plaintiff's FLSA claim in this regard is premised solely on a district court

4

opinion from the Northern District of California, in *Hart v. City of Alameda*, No. C-07-5845MMC, 2009 WL 1705612 (N.D. Cal. June 17, 2009).  In that case, the City of Alameda compensated its police officers for a certain number of holidays during the year by evenly spreading out the monetary value of those holidays over every pay period, regardless of whether or not the officers actually worked on those holidays.  *Id.* at *1.  Because the city's calculation had the effect of regularly compensating officers for holidays irrespective of whether officers actually worked the holidays, or whether a particular holiday fell within the pay period in which the officer was compensated, the district court in *Hart* concluded that payments under such a compensation scheme were not made "due to" a holiday, as prescribed by § 207(e)(2).  *Id.* at *2–3.

Here, the allegations of plaintiffs' complaint, taken to be true, support a reasonable inference that defendant City's payments for holidays—particularly in light of their lump-sum nature—were not made "due to" a vacation, holiday, illness, or other time spent away from work, are not exempted from an employee's regular rate of pay under 29 U.S.C. § 207(e).  In support of its motion to dismiss, defendant submits a memorandum of understanding between the police union and the City (the "MOU"), which appears to cover a part of the time period relevant to this case.  (*See* Doc. No. 9-1, Ex. A.)  Under the terms of the MOU, employees annually receive 120 hours of holiday leave, effective the first pay period of each calendar year.  Employees may then optionally use this time throughout the remainder of the year.  Any remaining holiday time not used by December 31 will be paid to an employee during the second pay period of the following year.  (*Id.* at 15.)  If these terms exclusively governed plaintiffs' holiday compensation and applied to the entire relevant time period in this case, defendant City's alleged compensation scheme might be exempted from any determination of plaintiffs' regular rate of pay.  *See, e.g.*, *Balestrieri v. Menlo Park Fire Prot. Dist.*,  800 F.3d 1094, 1103–04 (9th Cir. 2015) (holding that where a municipality buys back unused annual leave hours, which cover both vacation and sick leave, such compensation should be excluded from the employee's regular rate of pay).

However, at the hearing on the pending motion, plaintiffs' counsel represented that even under the POA MOU, employees' use of holiday leave was further restricted in practice.

1   Specifically, counsel suggested that employees could only take holiday leave on City-designated

2   holidays, and that in some cases, an employee might not be able to take leave on a certain holiday

3   because she was not scheduled to work that day to begin with.  Because at this stage of the

4   litigation, the court cannot conclude that plaintiffs' complaint relies exclusively on the terms of

5   the MOU, and in light of defendant's ultimate burden to establish that its holiday compensation

6   policy must be exempted from plaintiffs' regular rate of pay, the court declines to dismiss

7   plaintiffs' FLSA claim with respect to this theory of liability at this early stage of the litigation.

8   **C.      Calculating Overtime Rate Based on Total Number of Hours Worked**

9        Plaintiffs separately allege that defendant City improperly calculated the regular rate of

10   pay for overtime compensation purposes by dividing an employee's total pay by the number of

11   hours *actually* worked, rather than the *scheduled* number of hours worked.  Plaintiffs explain that

12   when employees work more hours than they are scheduled to work, the City effectively

13   undercompensates them for overtime purposes.  (*See* Doc. No. 11 at 5.)

14        The implementing regulations promulgated pursuant to the FLSA, however, explicitly

15   endorse the former approach: "The regular hourly rate of pay of an employee is determined by

16   dividing his total remuneration for employment (except statutory exclusions) in any workweek by

17   the *total number of hours actually worked* by him in that workweek for which such compensation

18   was paid." 29 C.F.R. § 778.109 (emphasis added).[1]  The "total number of hours actually worked"

19   should include overtime hours.  *See, e.g.*, *Frank v. McQuigg*, 950 F.2d 590, 592 (9th Cir. 1991).

20   Plaintiffs contend that the law surrounding this question is unsettled and cites to several cases that

21   purportedly support calculation of a regular rate of pay based on the scheduled number of hours

22   worked.  (*See* Doc. No. 11 at 7–8.)  Having reviewed those decisions, the court finds no basis of

23   support for plaintiffs' position.  Moreover, plaintiffs' complaint alleges no facts that could

24   _____

25   [1] This method of computing the regular rate is to be employed when employees are not compensated on an hourly rate basis.  *Id.*  While plaintiffs do not specify the precise manner in

26   which they are compensated, e.g., whether by salary or on another basis, the plaintiffs' complaint their opposition brief appear to assume that such a computation is necessary.  Somewhat

27   perplexing to the court, at the hearing on the pending motions, plaintiffs' counsel represented that plaintiffs are hourly rate workers.  If that were the case, then a plaintiff's hourly rate would be her

28   regular rate of pay, and the inquiry would likely end there.  *See* 29 C.F.R. § 778.110.

1  support a legal basis for deviating from the regulatory language cited above.

2  Additionally, plaintiffs note that there is no clear case law regarding the computation of

3  their regular rate of pay as public safety employees covered by 29 U.S.C. § 207(k).  (*Id.*)

4  However, this court finds no basis—and plaintiffs have offered none—on which to treat public

5  safety employees described in § 207(k) any differently from other employees when computing

6  their regular rates of pay.  *See* 29 U.S.C. § 207(k) (providing that public safety employees must

7  also be provided overtime compensation "at a rate not less than one and one-half times the regular

8  rate at which he is employed").

9  In the absence of any persuasive legal authority requiring the calculation of the regular

10  rate of pay based on the scheduled number of hours worked, plaintiffs' FLSA claim must be

11  dismissed with respect to this theory of liability.

12  **CONCLUSION**

13  For the reasons stated above,

14  1.  Defendant City's motion (Doc. No. 9) is construed as a motion to dismiss pursuant to

15      Rule 12(b)(6) of the Federal Rules of Civil Procedure;

16  2.  Defendant's motion to dismiss is granted in part and denied in part as indicated above;

17      and

18  3.  Plaintiff's FLSA claim is dismissed only with respect to the theory of liability

19      concerning the City's alleged failure to calculate pay based on the scheduled number

20      of hours worked, rather than the number of hours actually worked.

21  IT IS SO ORDERED.

22  Dated:  **July 13, 2017**

23                                                              UNITED STATES DISTRICT JUDGE

24

25

26

27

28