| | |
|---|---|
| JULIO AMADOR, et al.,<br><br>              Plaintiffs,<br><br>    v.<br><br>CITY OF CERES,<br><br>              Defendants. | No. 1:17-cv-00552-DAD-MJS<br><br><u>ORDER REQUIRING SUPPLEMENTAL SUBMISSION IN SUPPORT OF STIPULATION AND PROPOSED ORDER FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE</u><br><br>(Doc. No. 26) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Thirty-four plaintiffs bring this action against defendant City of Ceres ("City") with allegations that they were denied proper compensation in violation of the Fair Labor standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Doc. No. 1.) Now before the court is the parties' joint stipulation filed on March 16, 2018 for approval of the settlement agreement and dismissal of the action with prejudice. (Doc. No. 26.) After considering the papers filed in connection with the parties' stipulation, the court will defer consideration of thereof and direct the parties to supplement it with a declaration or declarations addressing those factors the court must make findings upon in determining whether the proposed FLSA settlement is fair, adequate, and reasonable.

/////

## BACKGROUND

In this action, all thirty-four plaintiffs appear individually and have not moved for certification of a class or collective action. According to the complaint, each of the plaintiffs (1) is or was employed by the City within the last three years; and (2) has received certain compensation from the City, including cash in lieu of City-sponsored medical benefits and lump sum payment for unused holidays. (Doc. No. 1 ¶ 2.) Plaintiffs allege that for the three years prior to commencement of this action, the City failed to properly calculate payment of overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Specifically, plaintiffs advance three independent bases for liability under a single FLSA claim for failure to properly compensate employees for overtime work: (1) the City's alleged failure to include cash-in-lieu payments for medical benefits in its calculation of the regular rate of pay for purposes of overtime compensation, in contravention of the Ninth Circuit's decision in *Flores v. City of San Gabriel*, 824 F.3d 890, 895 (9th Cir. 2016) (holding that cash payments in lieu of health benefits "must be included in the regular rate of pay and thus in the calculation of the overtime rate" under the FLSA); (2) the City's alleged failure to include payments for certain holiday benefits in its calculation of the regular rate of pay, as purportedly required by a district court decision in *Hart v. City of Alameda*, No. C-07-5845MMC, 2009 WL 1705612 (N.D. Cal. June 17, 2009); and (3) the City's calculation of a regular rate of pay based on a practice of dividing total pay by the number of hours actually worked, rather than the scheduled number of hours worked. (*See id.* ¶¶ 22–27.)

## LEGAL STANDARD

Settlement of claims under the FLSA requires court approval. *See Jones v. Agilysys, Inc.*, No. C 12–03516 SBA, 2014 WL 108420, at *2 (N.D. Cal. Jan. 10, 2014). "The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). Because an employee cannot waive claims under the FLSA, they may not be settled without supervision of either the Secretary of Labor or a district court. *See Barrentine v. Ark.–Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981); *Yue Zhou v. Wang's Restaurant*, No. 05–cv–0279 PVT, 2007 WL 2298046, at

*1, n.1 (N.D. Cal. Aug. 8, 2007).

The Ninth Circuit has not established criteria for district courts to consider in determining whether a FLSA settlement should be approved. *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016). However, in this circuit, district courts have normally applied a widely-used standard adopted by the Eleventh Circuit, looking to whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.*; *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982); *Selk v. Pioneers Memorial Healthcare District*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016); *Yue Zhou*, 2007 WL 2298046, at *1. "A bona fide dispute exists when there are legitimate questions about the existence and extent of Defendant's FLSA liability." *Selk*, 159 F. Supp. 3d at 1172 (internal quotation marks and citation omitted). A court will not approve a settlement of an action in which there is certainty that the FLSA entitles plaintiffs to the compensation they seek, because it would shield employers from the full cost of complying with the statute. *Id.*

Once it is established that there is a bona fide dispute, courts often apply the Rule 23 factors for assessing proposed class action settlements when evaluating the fairness of an FLSA settlement, while recognizing that some of those factors do not apply because of the inherent differences between class actions and FLSA actions. *Khanna v. Inter-Con Sec. Sys., Inc.*, No. CIV S-09-2214 KJM, 2013 WL 1193485, at *2 (E.D. Cal. Mar. 22, 2013). To determine whether the proposed FLSA settlement is fair, adequate, and reasonable, courts in this circuit have balanced factors such as:

> the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Khanna v. Intercon Sec. Sys., Inc.*, No. 2:09-CV-2214 KJM EFB, 2014 WL 1379861, at *6 (E.D. Cal. Apr. 8, 2014), order corrected, No. 2:09-CV-2214 KJM EFB, 2015 WL 925707 (E.D. Cal. Mar. 3, 2015); *see also Almodova v. City & Cnty. of Honolulu*, Civil No. 07–00378 DAE–LEK, 2010 WL 1372298, at *4 (D. Haw. Mar.31, 2010), *recommendations adopted* by 2010 WL

1644971 (D. Haw. Apr.20, 2010) (adopting class action settlement factors in evaluating a FLSA collective action settlement even though some of those factors will not apply). District courts in this circuit have also taken note of the "unique importance of the substantive labor rights involved" in settling FLSA actions and adopted a "totality of circumstances approach that emphasizes the context of the case." *Selk*, 159 F. Supp. 3d at 1173. With this approach, a "district court must ultimately be satisfied that the settlement's overall effect is to vindicate, rather than frustrate, the purposes of the FLSA." *Id.* Settlements that reflect a fair and reasonable compromise of issues that are actually in dispute may be approved to promote the efficiency of encouraging settlement of litigation. *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, No. C 10-5243 SBA, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012).

## ANALYSIS

Here, the parties have submitted a stipulation and proposed order for court approval of a settlement along with the request to dismiss the action with prejudice. (Doc. No. 53.) The parties state that "when employees bring a private action for compensation under the FLSA, such action may be voluntarily dismissed without a Court Order when, pursuant to Federal Rules of Civil Procedure (FRCP) Rule 41(a)(1)(A)(ii), Plaintiffs present the district court a proposed settlement and a joint stipulation by the parties requesting dismissal of the action." (Doc. No. 26 at 3–4.) However, a stipulation of dismissal under Rule 41 is still "[s]ubject to . . . any applicable federal statute" and the parties' stipulation provides no factual representations or analysis as to why this settlement agreement is a fair and reasonable resolution of a bona fide dispute, as required under the FLSA. Fed. R. Civ. P. 41. Further, the requirements for approving a settlement are not less rigorous because plaintiffs in this action appear individually rather than as part of a certified collective action. *See also Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *4 (N.D. Cal. Jan. 13, 2016) (evaluating whether proposed settlements were a fair and reasonable resolution of plaintiffs' individual FLSA claims); *Gonzalez v. Fallanghina, LLC*, No. 16-CV-01832-MEJ, 2017 WL 1374582, at *1 (N.D. Cal. Apr. 17, 2017) (same). As a result, the court is not yet able to make the findings that are required in order to approve this proposed settlement agreement.

4

Accordingly, the parties are directed to supplement their stipulation for approval and dismissal by way of declaration(s), briefing or both, addressing why the proposed settlement is a fair and reasonable resolution of a bona fide dispute, including with respect to the attorneys' fees to be awarded. The supplemental filings shall be submitted within twenty-one days of the service of this order. Upon receipt of the supplemental filings the court will issue an order addressing the proposed settlement and dismissal.

IT IS SO ORDERED.

Dated: **March 22, 2018**

UNITED STATES DISTRICT JUDGE